IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., ALPHEUS KAPLAN, NEHEMIAH DEVELOPMENT COMPANY,<br><br>Defendants.<br>_____/<br><br>ALPHEUS KAPLAN AND NEHEMIAH DEVELOPMENT COMPANY,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., AMCAL, KIRK L. BRYSON, GENEVIEVE FULLER, et al.,<br><br>Third-Party Defendants.<br>_____/ | Case No. CIV S-06-0387 MCE JFM<br><br>ORDER GRANTING THIRD-PARTY DEFENDANTS AMCAL, KIRK L. BRYSON AND GENEVIEVE FULLER'S MOTION TO OBTAIN DOCUMENTS FROM THE EPA |

Pending before this court is third-party defendants Amcal, Kirk L. Bryson and Genevieve Fuller's motion to obtain documents from the EPA. The court has determined that the

matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 78-230. Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

    1. The hearing set for April 19, 2007 at 11:00 a.m. is vacated.

    2. The United States Environmental Protection Agency ("EPA") and Third-Party Defendants AMCAL, KIRK L. BRYSON and GENEVIEVE FULLER ("AmCal Third-Party Defendants") shall execute the attached Agreement Regarding Confidentiality of Business Information within ten days of service of Notice of Entry of this Order.

    3. The EPA shall provide the documents at issue here to the AmCal Third-Party Defendants pursuant to the attached Agreement Regarding Confidentiality of Business Information.

DATED: March 23, 2007.

                                         _____
                                         UNITED STATES MAGISTRATE JUDGE

/001;honeywell.oah

# AGREEMENT REGARDING
# CONFIDENTIALITY OF BUSINESS INFORMATION

Third-Party Defendants AMCAL, KIRK L. BRYSON and GENEVIEVE FULLER (hereinafter collectively referred to as "AmCal Third-Party Defendants") hereby enter into this Agreement Regarding Confidentiality of Business Information ("Agreement") with the United States Environmental Protection Agency ("EPA"). The United States of America has filed a Complaint against ALPHEUS KAPLAN and NEHEMIAH DEVELOPMENT COMPANY alleging liability under CERCLA (42 U.S.C. §§ 9601 et seq.) for past and future response costs in connection with response actions performed at the Central Eureka Mine Site in Amador County, California ("Site"). ALPHEUS KAPLAN and NEHEMIAH DEVELOPMENT COMPANY have filed a Third-Party Complaint against several Third-Party Defendants, including the AmCal Third-Party Defendants, for contribution.

Pursuant to this Agreement, AmCal Third-Party Defendants and EPA agree that the above-described litigation concerning the Site involves the production of documents which have been submitted to EPA by various contractors (hereinafter "Submitters"), listed in Attachment A attached hereto, containing certain information which may be entitled to confidential treatment under 40 C.F.R. Part 2. Furthermore, the parties herein agree that the limitation on the disclosure of the documents subject to this Agreement is required in order to protect the interest claimed by the Submitters in the confidentiality of their business information.

The terms of this Agreement are as follows:

1. EPA shall provide the document(s) containing information which may be entitled to confidential treatment to AmCal Third-Party Defendants, and such documents shall be handled in accordance with the terms of this Agreement.

2. As used in this Agreement, the information designated to be "confidential" or "confidential business information" means trade secrets or commercial or financial information submitted by a person to EPA which is entitled to confidential treatment under 40 C.F.R. Part 2. This information has not been determined by EPA, under 40 C.F.R. Part 2, Subpart B, not to be entitled to confidential treatment.

3. Any information to be produced by EPA pursuant to this Agreement shall be stamped conspicuously with the word "CONFIDENTIAL BUSINESS INFORMATION" by EPA on the top of each page of each document prior to production to AmCal Third-Party Defendants. The transmittal of information designated as confidential business information shall be done by letter from EPA stating that the information designated as confidential is subject to this Agreement.

4. Subject to Paragraph 7 below, information designated as confidential under this Agreement shall not be used or disclosed by AmCal Third-Party Defendants or any other person for any purpose other than the preparation for, and in the course of, litigation.

5. AmCal Third-Party Defendants and AmCal Third-Party Defendants' counsel who obtain information designated as confidential hereunder, and any nonparty subject to this Agreement, shall not disclose or permit disclosure of this information to any other person, including, without limitation, any officer, director, employee, agent or representative of AmCal Third-Party Defendants, AmCal Third-Party Defendants' counsel, or any nonparty, except in the following circumstance:

(a) Disclosure may be made to employees and agents of AmCal Third-Party Defendants and AmCal Third-Party Defendants' counsel who have responsibility for litigation involving the Site. Any employee or agent to whom disclosure is made shall be advised of, and become subject to, the provisions of this Agreement prior to such disclosure by executing the Confidentiality Agreement attached hereto as Attachment B. A copy of each executed Confidentiality Agreement shall be furnished to EPA and submitted not less than five (5) business days prior to disclosure of the business information to the employee or agent. Employees do not include persons, firms, or corporations engaged by AmCal Third-Party Defendants or AmCal Third-Party Defendants' counsel on a contract basis, who shall be subject to the requirements of subparagraph (b) of this Paragraph.

(b) Disclosure may be made to consultants, witnesses, experts or employees of experts ("Experts") employed or otherwise engaged by AmCal Third-Party Defendants or AmCal Third-Party Defendants' counsel to assist in the review and evaluation of EPA's demand(s) for cost recovery at the Site. Prior to disclosure to any Expert, the Expert must agree to be bound by the terms of this Agreement by executing the Confidentiality Agreement attached hereto as Attachment B. A copy of each executed Confidentiality Agreement shall be furnished to EPA and submitted not less than five (5) business days prior to disclosure to the Expert of the business information.

6. AmCal Third-Party Defendants, AmCal Third-Party Defendants' counsel, and any other person subject to this Agreement who obtains information designated as confidential hereunder, shall take all necessary and appropriate measures to maintain the confidential nature of the information, shall share such information only with persons authorized to receive it pursuant to this Agreement, and shall retain the information in a secure manner. Except as provided in Paragraph 5 above, no other person shall be permitted access to the information.

7. Any person who obtains access to information designated as confidential under this Agreement may make copies only for the purpose of preparation for, or in the course of, litigation for cost recovery in connection response actions taken at the Site. All copies shall be subject to the terms of this Agreement to the same extent and manner as original documents.

8. Any unauthorized disclosure of information designated as confidential under this Agreement shall not result in a waiver of any Submitter's claim of confidentiality.

9. Within sixty days (60) after termination of litigation (and exhaustion of appeals), or as determined by EPA, any person who obtained information designated as confidential under this Agreement shall assemble and return such information to EPA, including all copies, or shall certify to EPA that all such documents and copies have been destroyed. Such return or document destruction shall be certified in writing by the person who obtained the information from EPA. All confidential information which is used by AmCal Third-Party Defendants or AmCal Third-Party Defendants' counsel as part of their work product shall be destroyed.

///

///

///

///

4

The undersigned is authorized by AmCal Third-Party Defendants to sign on their behalf:

Dated: April _____, 2007                CRAIGIE, McCARTHY & CLOW

_____
By: Peter W. Craigie
Attorneys for Third-Party Defendants
AMCAL, KIRK L. BRYSON and GENEVIEVE FULLER

The undersigned is authorized by EPA to sign on its behalf:

Dated: April _____, 2007                U.S. Environmental Protection Agency

By: _____
Name: _____Larry Bradfish_____
Title: ___Assistant Regional Counsel___

Attachment A

List of Contractors
Central Eureka Mine Site

CET Environmental Services, Inc.
Ecology and Environment, Inc.

<u>Attachment B</u>

Business Information Confidentiality Agreement
Concerning the Central Eureka Mine Site

    The undersigned is currently working at _____ which is located at _____. The undersigned is employed by _____ (_____) or _____'s counsel in this matter or has been engaged as a consultant or contractor by a _____ or _____'s counsel in this matter.

    The undersigned hereby acknowledges that he/she has read the foregoing Agreement regarding Confidentiality of Business Information ("Agreement") executed by the attorneys for the parties involved in litigation of EPA's claim concerning the response actions at the Central Eureka Mine Site, understands the terms thereof, and agrees to be bound by such terms. The undersigned understands that disclosure of information which has been designated as confidential business information by the submitter of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Agreement, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Agreement. The undersigned understands that the pledge of confidentiality under this Confidentiality Agreement continues after any lawsuit associated with EPA's cost recovery demand(s) is over. Furthermore, the undersigned understands that a breach of the Agreement may subject him/her to civil claims for damages and to criminal prosecution under 42 U.S.C. §9604(e)(7)(B).

Dated: _____  Signed: _____

                                    Name: _____

                                    Title or Position: _____

                                    Employer: _____