```
 1  Daniel F. Reidy - California Bar No. 74941
    LAW OFFICES OF DANIEL F. REIDY
 2  3701 Sacramento Street, # 386
    San Francisco, CA 94118
 3  Telephone: (415) 750-4210
    Facsimile: (415) 750-4214
 4
    Attorneys for Defendants and Third-Party
 5  Plaintiffs Alpheus Kaplan and
    Nehemiah Development Company
 6
 7
 8              UNITED STATES DISTRICT COURT FOR THE
 9                 EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,           No. 2:06-cv-00387- MCE-JFM
12
13       Plaintiff,
14       v.
                                        ORDER GRANTING THIRD-PARTY
15                                      PLAINTIFFS' MOTION FOR
    HONEYWELL INTERNATIONAL,            APPROVAL OF SETTLEMENTS
16  INC., ALPHEUS KAPLAN,                AND GOOD FAITH
    NEHEMIAH DEVELOPMENT                 DETERMINATION
17  COMPANY,
18
                                        Hearing Date: 11/02/2007
19       Defendants                     Time:         9:00 A.M.
                                        Place: Courtroom 3
20  _____/   Judge: Morrison C. England, Jr.
21  ALPHEUS KAPLAN AND NEHEMIAH         Pretrial Conference: 3/17/2008
    DEVELOPMENT COMPANY,                Trial Date:          4/23/2008
22
23       Third-Party Plaintiffs,
24       v.
25  HONEYWELL INTERNATIONAL, INC.,
    AMCAL, KIRK L. BRYSON, GENEVIEVE
26  FULLER, JOHN B. ALLEN, SR., JANET
    ALLEN, JOHN MUNN AND ANN MUNN,
27
28
```

[PROPOSED] ORDER GRANTING THIRD-PARTY PLAINTIFFS' MOTION FOR APPROVAL OF
SETTLEMENTS AND GOOD FAITH DETERMINATION                            Page - 1 -

| | |
|---|---|
| 1 | ELGIN BOWERS AND CAROLYN BOWERS, ASSOCIATED ENGINEERS AND |
| 2 | PLANNERS, INC., WARREN NOTEWARE, JAMES MESSINGER, STEEL BUILDING |
| 3 | SYSTEMS, INC., MYRTLE SALMON, CHARTER MORTGAGE & INVESTMENTS, |
| 4 | INC., SHELDON THOMPSON, CHARLES C. BRUNER, ROBERT E. MILLER AND |
| 5 | MEREDITH MILLER, JACK BRUSATORI, ROBERT EARL OLSON AND MARTHA |
| 6 | WADELL OLSON, SUMMIT APARTMENTS, WALTER E, HAMILTON, JEAN HAMILTON, |
| 7 | CHARLES O. ALLEN AND BARBARA E. ALLEN, FRANK HARDY, CHRISTINA SUNG, |
| 8 | THOMAS P. JONES AND JACQUELINE L. JONES, ROBERT BUGNI AND MARGOT |
| 9 | BUGNI, LEO MONSON AND MAURINE MONSON, PHYLLIS STUMPF, |

Third Party Defendants
_____/

Third-Party Plaintiffs ALPHEUS KAPLAN and NEHEMIAH DEVELOPMENT COMPANY ("collectively "Third-Party Plaintiffs")'s Motion for Approval of Settlements and Good Faith Determination (the "Motion") was considered by this Court. After considering the moving papers, any responses thereto, and the record as a whole, the Court finds that the settlements set forth in the six (6) Mutual Release and Settlement Agreements ("Settlement Agreements") attached as Exhibits "B" through "G" to the Third-Party Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Approval of Settlements and Good Faith Determination, which were entered into between Third-Party Plaintiffs and each of the Third-Party Defendants listed below ("Settling Third-Party Defendants"), were made in good faith and are fair, reasonable and consistent with the purposes of the Comprehensive Environmental, Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*.

The Settling Third-Party Defendants and their respective settlement payments to Third-Party Plaintiffs are identified below:

///

///

| **SETTLING THIRD-PARTY DEFENDANTS** | **SETTLEMENT AMOUNTS** |
|---|---|
| (1) Robert E. Miller and Meredith Miller: | $10,000. |
| (2) Jack Brusatori, Sr.: | $25,000. |
| (3) Robert and Margot Bugni and Leo and Maurine Monson: | $30,000. |
| (4) Jean Hamilton individually and the Summit Apartments Partnership on behalf of its general partners (Walter E. Hamilton, Jean Hamilton, Charles O. Allen and Barbara E. Allen, Frank Hardy, Christina Sung, Thomas P. Jones, and Jacqueline L. Jones): | $25,000. |
| (5) Robert Earl Olson and Martha Wadell Olson: | $1,000. |
| (6) Warren Noteware: | $30,000. |
| Total | $121,000. |

The matter having been briefed, argued, and submitted for decision, and good cause appearing,

IT IS HEREBY ORDERED that the Motion is GRANTED, and IT IS FURTHER ORDERED that:

1. Section 6 of the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 147 (1996), in pertinent part, is hereby adopted as the federal common law in this case for the purpose of determining the legal effect of each of the Settlement Agreements.

2. Each of the Settlement Agreements is hereby approved pursuant to Section 6 of UCFA and California Code of Civil Procedure section 877.6.

3. The Court further finds and determines that the Third-Party Plaintiffs and each of the Settling Third-Party Defendants entered into their respective Settlement Agreements in good faith pursuant to California Civil Procedure Code section 877.6.

4. Pursuant to Section 6 of UCFA and California Civil Procedure Code section 877.6, any and all claims for contribution and indemnity against any and all of the Settling Third-Party Defendants arising out of the facts alleged by Third-Party Plaintiffs in the Third-Party Complaint (as amended), as further provided for in the respective Settlement Agreements (the terms of which are incorporated herein), or otherwise related to or arising in the Action, are barred, regardless of when such claims are asserted and by whom, and regardless of whether the claims are brought pursuant to CERCLA or any other federal or state law.

5. Any and all claims, including direct claims, cross-claims, counter-claims, and third-party claims, alleged, or that could have been alleged, against any or all of the Settling Third-Party Defendants by any party, including Third-Party Plaintiffs, are hereby dismissed with prejudice.

6. Any and all claims, including direct claims, cross-claims, counter-claims, and third-party claims, alleged, or that could have been alleged, by any of the Settling Third-Party Defendants against the Third-Party Plaintiffs are hereby dismissed with prejudice.

7. The nonsettlors' share of liability for contribution pursuant to CERCLA for alleged respective shares of the response costs and other costs Plaintiff United States claimed it incurred with respect to the Central Eureka Mine Superfund Site is hereby reduced by the Settling Third-Party Defendants' proportionate shares of liability in accordance with the "comparative fault" or "proportionate share" rule embodied in UCFA.

8. This Court retains jurisdiction to enforce the Settlement Agreements.

Dated: October 31, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE