John B. Allen CSB #121880

LAW OFFICE OF JOHN B. ALLEN
P.O. Box 232
Sutter Creek, CA 95685
(209) 223-5705

Attorney for Third-Party Defendants
John B. Allen, Sr. & Janet Allen;
Elgin Robert Bowers & Carolynne B. Plamondon,
as the Successors in interest of Carolyn Bowers
and Elgin Bowers); and Ann
Munn, & Reed Munn

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., ALPHEUS KAPLAN, NEHEMIAH DEVELOPMENT COMPANY,<br><br>Defendants.<br>_____<br>AND RELATED THIRD-PARTY COMPLAINT AND CROSS CLAIMS<br>_____ | Civil Action No.<br>2:06-CV-00387-MCE-JFM<br><br>ORDER GRANTING THIRD-PARTY DEFENDANTS JOHN B. ALLEN, SR. & JANET ALLEN; ELGIN ROBERT BOWERS & CAROLYNNE B. PLAMONDON, AS SUCCESSORS IN INTEREST OF CAROYLN BOWERS AND ELGIN BOWERS; AND ANN AND REED MUNN'S MOTION FOR APPROVAL OF SETTLEMENT WITH THIRD-PARTY PLAINTIFFS AND GOOD FAITH DETERMINATION<br><br>Date: November 2, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br>Judge: Morrison C. England, Jr.<br><br>Pretrial Conference: March 17, 2008<br>Trial Date: April 23, 2008 |

Order Granting Motion for Approval of Settlement and Good Faith Determination

-1 of 4-

The Motion for Approval of Settlement and Good Faith Determination (the "Motion") brought by Third-Party Defendants John B. Allen, Sr. & Janet Allen; Elgin Robert Bowers & Carolynne B. Plamondon, as the Successors in interest of Carolyn Bowers and Elgin Bowers; and Ann Munn, & Reed Munn, on behalf of themselves and on behalf of their trusts, specifically: THE J&J ALLEN TRUST DATED MAY 18, 2004, through John B. Allen, Sr., its Successor Trustee; THE ELGIN AND CAROLINE BOWERS FAMILY REVOCABLE TRUST – 1995, UTA DATED AUGUST 17, 1995, through Elgin Robert Bowers & Carolynne B. Plamondon, its Co-Successor Trustees, and THE MUNN REVOCABLE TRUST DATED JUNE 23, 1992, through John Reed Munn and Ann Munn, its Trustees, was heard by this Court. After considering the moving papers, any responses thereto and the record as a whole, the Court finds that the $10,000.00 settlement payment and the terms set forth in the Mutual Release and Settlement Agreement ("Settlement Agreement"), which is attached as Exhibit "B" to the Declaration of John B. Allen, Jr. and which was entered into between Third-Party Plaintiffs and said Third-Party Defendants, was made in good faith and was fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 USC § 9601, et seq.

The matter having been briefed, argued and submitted for decision, and good cause appearing,

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that:

1. Section 6 of the Uniform Comparative Fault Act ("UCFA"), 12 ULA 147 (1996), in pertinent part, is adopted as the federal common law in this case for the purpose of determining the legal effect of the Settlement Agreement.

2. The Settlement Agreement is approved pursuant to Section 6 of the UCFA and California Code of Civil Procedure section 877.6.

3. Third-Party Plaintiffs and said Third-Party Defendants entered into the Settlement Agreement in good faith pursuant to California Code of Civil Procedure section 877.6.

4. Pursuant to Section 6 of UCFA an California Code of Civil Procedure section 877.6, any and all claims for contribution and indemnity against said Third-Party Defendants or their trusts, specifically: THE J&J ALLEN TRUST DATED MAY 18, 2004, through John B. Allen, Sr., its Successor Trustee; THE ELGIN AND CAROLINE BOWERS FAMILY REVOCABLE TRUST – 1995, UTA DATED AUGUST 17, 1995, through Elgin Robert Bowers & Carolynne B. Plamondon, its Co-Successor Trustees; and THE MUNN REVOCABLE TRUST DATED JUNE 23, 1992, through John Reed Munn and Ann Munn, its Trustees, arising out of the facts alleged by Third-Party Plaintiffs are barred, regardless of when such claims are asserted and by whom, and regardless of whether the claims are brought pursuant to CERCLA or any other state or federal law.

5. Any and all claims, including direct claims, cross-claims, counter-claims, and third-party claims, alleged or that could have been alleged against said Third-Party Defendants or their trusts by any party, including Third-Party Plaintiffs, are dismissed with prejudice.

6. Any and all claims, including direct claims, cross-claims, counter-claims, and third-party claims, alleged or that could have been alleged by any or all of said Third-Party Defendants or their trusts against the Third-Party Plaintiffs are dismissed with prejudice.

7. The non-settlors' share of liability for contribution pursuant to CERCLA for alleged respective shares of response costs and other costs Plaintiff United States claimed it incurred with respect to the Central Eureka Mine Superfund Site is reduced by said Third-Party Defendants' proportionate share of liability in accordance with the "comparative fault" or "proportionate share" rule embodied in UCFA.

8. This Court retain jurisdiction to enforce the Settlement Agreement.

Dated: November 5, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Order Granting Motion for Approval of Settlement and Good Faith Determination

-4 of 4-