1  SUE ELLEN WOOLDRIDGE
   Assistant Attorney General
2  Environment & Natural Resources Division
   United States Department of Justice
3  KATHERINE KONSCHNIK
   CA State Bar # 223673
4  Trial Attorney
   Environmental Enforcement Section
5  P.O. Box 7611
   Washington, D.C.  20044
6  Telephone:  (202) 305-0312

7  McGREGOR W. SCOTT
   United States Attorney
8  Eastern District of California
   Edmund Brennan
9  Chief, Civil Division
   501 I Street, Suite 10-100
10 Sacramento, CA 95814-2322
   Telephone: (916) 554-2700

11
   Attorneys for Plaintiff United States of America
12

13        UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF CALIFORNIA
14

15 UNITED STATES OF AMERICA,      )  No. 2:06-CV-00387-MCE-
                                  )  JFM
16      Plaintiff,                )
                                  )
17      v.                        )
                                  )  **CONSENT DECREE**
18 HONEYWELL INTERNATIONAL, INC., )
   ALPHEUS KAPLAN, NEHEMIAH       )
19 DEVELOPMENT COMPANY,           )
                                  )
20      Defendants.               )
                                  )
21 _____

22

23

24

25

26

27

28                          1

**CERCLA SECTION 107 CONSENT DECREE**
**FOR RECOVERY OF RESPONSE COSTS**

1

2

**TABLE OF CONTENTS**

3

4

5

I.      BACKGROUND . . . . . . . . . . . . . . 3

II.     JURISDICTION . . . . . . . . . . . . . . 4

III.    PARTIES BOUND . . . . . . . . . . . . . 4

IV.     DEFINITIONS . . . . . . . . . . . . . . 4

V.      PAYMENT OF PAST RESPONSE COSTS . . . . . . 7

VI.     FAILURE TO COMPLY WITH CONSENT DECREE . . . 7

VII.    COVENANT NOT TO SUE BY PLAINTIFF . . . . . 9

VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES . . 10

IX.     COVENANT NOT TO SUE BY SETTLING DEFENDANT. . 11

X.      EFFECT OF SETTLEMENT/CONTRIBUTION. . . . . 12

XI.     RETENTION OF RECORDS . . . . . . . . . . 14

XII.    NOTICES AND SUBMISSIONS . . . . . . . . . 15

XIII.   RETENTION OF JURISDICTION . . . . . . . . 16

XIV.    INTEGRATION/APPENDIX . . . . . . . . . . 17

XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . 17

XVI.    SIGNATORIES/SERVICE . . . . . . . . . . 17

XVII.   FINAL JUDGMENT . . . . . . . . . . . . . 18

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Central Eureka Mine Superfund Site in Amador County, California.

B.  By entering into this Consent Decree, Defendant Honeywell International, Inc. ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

C.  The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that Settling Defendant may have to jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.  PARTIES BOUND

2.  This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.  DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

5

h.   "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

i.   "Parties" shall mean the United States and Settling Defendant.

j.   "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, including enforcement costs, that EPA or DOJ on behalf of EPA or any other person has paid or incurred at or in connection with the Site through August 7, 2006, plus accrued Interest on all such costs through such date.

k.   "Plaintiff" shall mean the United States.

l.   "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m.   "Settling Defendant" shall mean Honeywell International, Inc.

n.   "Site" shall mean the Central Eureka Mine CERCLA Site, located along Highway 49 near the city of Sutter Creek, Amador County, California, and generally designated by the following property description: the minehead area located on the east side of Sutter Hill road, the Mesa de Oro tailings impoundment area and surrounding subdivisions generally located near the intersection of Highway 49 and Bryson Drive, and the Allen Ranch tailings area, located approximately one half mile west of Allen Ranch Road, and two miles north of State Route 104.

o. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF PAST RESPONSE COSTS

4. Payment of Past Response Costs to EPA. If the Consent Decree is entered by the Court, Settling Defendant shall, within 15 Days thereof, make payment to EPA in the amount of $2,000,000 plus interest accrued since the lodging of the Consent Decree, in accordance with Paragraphs 5 and 6 below.

5. The Payment referenced in Paragraph 4 shall be made by FedWire Electronic Funds Transfer ("EFT") to the Federal Reserve Bank of New York, ABA = 021030004, Account No. 68010727, 33 Liberty Street, New York, NY 10045. Field Tag 4200 of the FedWire message should read, "D 68010727 Environmental Protection Agency."

6. At the time of payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 09AQ, DOJ case number 90-11-3-1692/1, and the civil action number.

7. The total amount to be paid pursuant to Paragraph 4, $2,000,000, plus interest, shall be deposited in the EPA Hazardous Substance Superfund.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

8. Interest on Late Payments. If Settling Defendant fails to make any payment under Paragraph 4 (Payment of Past Response

7

Costs) by the required due date, Interest shall continue to
accrue on the unpaid balance through the date of payment.

9.  Stipulated Penalty.

    a.  If any amounts due under Paragraph 4 are not paid
by the required date, Settling Defendant shall be in violation of
this Consent Decree and shall pay to EPA, as a stipulated
penalty, in addition to the Interest required by Paragraph 8,
$500 per violation per day that such payment is late.

    b.  Stipulated penalties are due and payable within 30
days of the date of the demand for payment of the penalties by
EPA.  All payments to EPA under this Paragraph shall be
identified as "stipulated penalties" and shall be made by
certified or cashier's check made payable to "EPA Hazardous
Substance Superfund."  The check, or a letter accompanying the
check, shall reference the name and address of the party(ies)
making payment, the Site name, the EPA Region and Site Spill ID
Number 09AQ, DOJ Case Number 90-11-3-1692/1, and the civil action
number.  Settling Defendant shall send the check (and any
accompanying letter) by United States mail to:

                U.S. Environmental Protection Agency
                Region 9 Superfund Receivable
                P.O. Box 371099M
                Pittsburgh, PA 15251

    c. At the time of each payment, Settling Defendant
shall also send notice that payment has been made to EPA and DOJ
in accordance with Section XII (Notices and Submissions).  Such
notice shall reference the EPA Region and Site/Spill ID Number
09AQ, DOJ Case Number 90-11-3-1692/1, and the civil action
number.

d.   Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10.   If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11.   Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12.   Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII.   COVENANT NOT TO SUE BY PLAINTIFF

13.   Covenant Not to Sue by United States.  Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take

9

administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

10

e.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.   COVENANT NOT TO SUE BY SETTLING DEFENDANT

15.   Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a.   any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.   any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.   any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

16.   Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

17.   Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that Settling Defendant

11

may have for all matters relating to the Site, including for contribution, against any person that has entered into a final *de minimis* settlement under Section 122(g) of CERCLA, 42 U.S.C. § 9622(g), with EPA with respect to the Site as of the date of entry of the Consent Decree.   This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

## X.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18.   Except as provided in Paragraph 17 (*De Minimis* Waiver), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as provided in Paragraph 17 (*De Minimis* Waiver), the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a party hereto.

19.   The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Past Response Costs.

12

20.    Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 20 days of service of the complaint or claim upon it.    In addition, Settling Defendant shall notify EPA and DOJ within 15 days of service or receipt of any Motion for Summary Judgment, and within 20 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

21.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects or limits the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI.  RETENTION OF RECORDS

22.   Until 10 years after the entry of this Consent Decree,
Settling Defendant shall preserve and retain all records,
reports, or information (hereinafter referred to as "records")
now in its possession or control, or which come into its
possession or control, that relate in any manner to response
actions taken at the Site or the liability of any person under
CERCLA with respect to the Site, regardless of any corporate
retention policy to the contrary.

23.   After the conclusion of the 10-year document retention
period in the preceding paragraph, Settling Defendant shall
notify EPA and DOJ at least 90 days prior to the destruction of
any such records, and, upon request by EPA or DOJ, Settling
Defendant shall deliver any such records to EPA.  Settling
Defendant may assert that certain records are privileged under
the attorney-client privilege or any other privilege recognized
by federal law.  If Settling Defendant asserts such a privilege,
Settling Defendant shall provide Plaintiff with the following:
1) the title of the record; 2) the date of the record; 3) the
name, title, affiliation (e.g., company or firm), and address of
the author of the record; 4) the name and title of each addressee
and recipient; 5) a description of the subject of the record; and
6) the privilege asserted.  If a claim of privilege applies only
to a portion of a record, the record shall be provided to
Plaintiff in redacted form to mask the privileged information
only.  Settling Defendant shall retain all records that they
claim to be privileged until the United States has had a

14

reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

24. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after reasonable inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104 (e) and 122 (e) of CERCLA, 42 U.S.C. §§ 9604 (e) and 9622 (e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XII. **NOTICES AND SUBMISSIONS**

25. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Party in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

15

As to the United States:

As to DOJ:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-07733)
P.O. Box 7611
Washington, D.C.  20044-7611


As to EPA:
Chris Reiner
Civil Investigator
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105
Larry Bradfish
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105


As to Settling Defendant:

Tao Wu
Remediation Manager
Honeywell International, Inc.
111 South 34th Street, Bld. 158
Phoenix, AZ 85034

With a copy to:

Kenneth J. Berke
Berke, Kent & Ward, LLP
23975 Park Sorrento, Suite 200
Calabasas, CA 91302

### XIII.  RETENTION OF JURISDICTION

26.  This Court shall retain jurisdiction over this matter
for the purpose of interpreting and enforcing the terms of this
Consent Decree.

## XIV.  INTEGRATION/APPENDIX

27.    This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

29.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

30.    The undersigned representative of Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to

enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

31. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

32. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.

## XVII. FINAL JUDGMENT

33. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS *2nd* DAY OF *February*, 200*8*.

_____
United States District Judge

18

THE UNDERSIGNED PARTIES enter into this Consent Decree in the
matter of United States v. Honeywell International, Inc., No.
2:06-CV-00387-MCE-JFM, relating to the Central Eureka Mine
Superfund Site.

FOR THE UNITED STATES OF
AMERICA

Date: _____

Sue Ellen Wooldridge
Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice
Washington, D.C.   20530

McGREGOR W. SCOTT
United States Attorney
Eastern District of California

By: _____

Edmund Brennan
Chief, Civil Division
501 I Street, Suite 10-100
Sacramento, CA 95814-2322
Telephone: (916) 554-2700

Katherine Konschnik
Trial Attorney
Environmental Enforcement
Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC   20044-7611

19

1

2
Keith Takata
3    Superfund Division Director
     U.S. Environmental Protection
4    Agency, Region IX
     75 Hawthorne Street
5    San Francisco, CA 94105

6

7    Larry Bradfish
     Assistant Regional Counsel
8    U.S. Environmental Protection
     Agency, Region IX
9    75 Hawthorne Street
     San Francisco, CA 94105

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    20

FOR HONEYWELL INTERNATIONAL,
INC.

Tao Wu
Remediation Manager
Honeywell International, Inc.
111 South 34th Street, Bld. 158
Phoenix, AZ 85034

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21