# FILED

FEB 2 2 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
      DEPUTY CLERK

1  RONALD J. TENPAS
   Acting Assistant Attorney General
2  Environment & Natural Resources Division
   United States Department of Justice
3  ANGELA O'CONNELL
   Senior Litigation Counsel
4  Environmental Enforcement Section
   U.S. Department of Justice
5  301 Howard St., Suite 1050
   San Francisco, California 94107
6  Telephone: (415) 744-6485
   Fax: (415) 744-6476
7  angela.oconnell@usdoj.gov

   McGREGOR W. SCOTT
8  United States Attorney
   Eastern District of California
9  Edmund Brennan
   Chief, Civil Division
10 501 I Street, Suite 10-100
   Sacramento, California 95814-2322
11 Telephone: (916) 554-2700

12 Attorneys for Plaintiff United States of America

13
14
15

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>HONEYWELL INTERNATIONAL, INC., ALPHEUS KAPLAN, NEHEMIAH DEVELOPMENT COMPANY,<br><br>     Defendants. | CIVIL ACTION NO.<br>2:06-cv-00387-MCE-JFM<br><br>CONSENT DECREE |

16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I.     BACKGROUND ......................................... - 2 -

II.    JURISDICTION ......................................... - 4 -

III.   PARTIES BOUND ........................................ - 4 -

IV.    DEFINITIONS .......................................... - 4 -

V.     PAYMENT OF PAST RESPONSE COSTS ..................... - 7 -

VI.    FAILURE TO COMPLY WITH CONSENT DECREE ............ - 9 -

VII.   COVENANT NOT TO SUE BY PLAINTIFF .................. - 11 -

VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES .......... - 12 -

IX.    COVENANT NOT TO SUE BY SETTLING DEFENDANTS AND
       SETTLING THIRD-PARTY DEFENDANTS ................ - 12 -

X.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION .. - 14 -

XI.    RETENTION OF RECORDS ............................. - 16 -

XII.   NOTICES AND SUBMISSIONS .......................... - 18 -

XIII.  RETENTION OF JURISDICTION ........................ - 21 -

-i-

XIV.   INTEGRATION/APPENDIX  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 21 -

XV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT  . . . - 22 -

XVI.   SIGNATORIES/SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 22 -

XVII.  FINAL JUDGMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 23 -

SIGNATURES FOR THE UNITED STATES  . . . . . . . . . . . . . . . . . . . . . . . - 24 -

SIGNATURES FOR SETTLING DEFENDANTS AND THIRD-PARTY
        PLAINTIFFS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 25 -

SIGNATURES FOR SETTLING THIRD-PARTY DEFENDANTS  . . . . . . - 26 -

ATTACHMENT A: SETTLING THIRD-PARTY DEFENDANTS
        AND SETTLEMENT AMOUNTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 32 -

# I. BACKGROUND

A.    The United States of America ("United States" or "Plaintiff"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, as amended, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Central Eureka Mine Superfund Site in Amador County, California (the "Site").

B.    On April 19, 2006, Defendants Alpheus Kaplan and Nehemiah Development Company (together "Kaplan/Nehemiah") filed Answers to the United States' Complaint and also filed a Third-Party Complaint naming a number of Third-Party Defendants and asserting that Kaplan/Nehemiah as Third-Party Plaintiffs were entitled to contribution from each of the Third-Party Defendants for their respective proportionate share of any costs or damages rendered against Kaplan/Nehemiah as Defendants in the action brought by the United States.

C.    Kaplan/Nehemiah have entered into Mutual Settlement and Release Agreements ("Settlement Agreements") with a number of the Third-Party Defendants to settle the claims between Kaplan/Nehemiah and respective Third-Party Defendants to settle the claims between Kaplan/Nehemiah and respective Third-Party Defendants, who are referred to herein as the "Settling Third-Party

Defendants" and are listed in Attachment "A" hereto. These Settlement Agreements provide for the settlement payments due from these respective Settling Third-Party Defendants to be collected and held in trust by Kaplan/Nehemiah and ultimately transferred to EPA after approval and lodging of this Consent Decree.

D.    By entering into this Consent Decree, Kaplan/Nehemiah (together "Settling Defendants") and the Settling Third-Party Defendants do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint or the Third-Party Complaint as amended by the First Amended Third-Party Complaint.

E.    The United States, Settling Defendants, and Settling Third-Party Defendants (sometimes collectively referred to as "Parties" or individually referred to as "Party") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

- 3 -

## II. JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants and Settling Third-Party Defendants. Solely for the purposes of this Consent Decree, the underlying Complaint and Third-Party Complaint, Settling Defendants and Settling Third-Party Defendants waive all objections and defenses that Settling Defendants or Settling Third-Party Defendants may have to jurisdiction of the Court or to venue in this District. Settling Defendants and Settling Third-Party Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.    This Consent Decree is binding upon the Parties and their respective successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Parties under this Consent Decree.

## IV. DEFINITIONS

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under

- 4 -

CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.     "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b.     "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event that a conflict between this Consent Decree and any appendix arises, the Consent Decree shall control.

c.     "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.     "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e.     "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f.     "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code,

- 5 -

26 U.S.C. § 9507.

       g.    "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

       h.    "Matters addressed" means "Past Response Costs."

       i.    "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

       j.    "Parties" shall mean the United States, Settling Defendants, and Settling Third-Party Defendants, collectively.

       k.    "Party" shall mean either the United States, Settling Defendants, or Settling Third-Party Defendants, individually.

       l.    "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, including enforcement costs, that the EPA, DOJ on behalf of EPA, or any other person has paid or incurred at or in connection with the Site through the date that this Consent Decree is approved and entered by the Court, plus accrued Interest on all such costs through such date.

       m.    "Plaintiff" shall mean the United States.

- 6 -

1    n.    "Section" shall mean a portion of this Consent Decree

2    identified by a Roman numeral.
3

4    o.    "Settling Third-Party Defendants" shall mean parties listed on

5    Attachment "A" hereto.

6
7    p.    "Site" shall mean the Central Eureka Mine CERCLA Site,

8    located along Highway 49 near the city of Sutter Creek, Amador County,

9    California, and generally designated by the following property description:  the
10

11    minehead area located on the east side of Sutter Hill Road, the Mesa de Oro

12    tailings impoundment area and surrounding subdivisions generally located near

13    the intersection of Highway 49 and Bryson Drive, and the Allen Ranch tailings
14

15    area, located approximately one half mile west of Allen Ranch Road, and two

16    miles north of State Route 104.

17
18    q.    "United States" shall mean the United States of America,

19    including its departments, agencies and instrumentalities.

20
                    **V. PAYMENT OF PAST RESPONSE COSTS**
21

22    4.    Within five (5) business days after Settling Defendants receive notice

23    from the United States that this Consent Decree has been lodged, Settling

24    Defendants shall deposit $721,000 (consisting of $600,000 from Settling
25

26    Defendants and $121,000 collected by Settling Defendants from the Settling

27    Third-Party Defendants) into an escrow account bearing interest on commercially
28

- 7 -

reasonable terms, in a federally-chartered bank (the "Escrow Account"). If the Consent Decree is not entered by the Court, and the time for any appeal of that decision has run, or if the Court's denial of entry is upheld on appeal, the monies placed in the Escrow Account, together with accrued interest thereon, shall be returned to Settling Defendants. If the Consent Decree is entered by the Court, Settling Defendants shall, within fifteen (15) Days thereof, cause the monies in the Escrow Account to be paid to EPA in accordance with Paragraphs 5 and 6 below.

5. The payment referenced in Paragraph 4 shall be made by FedWire Electronic Funds Transfer ("EFT") to the Federal Reserve Bank of New York, ABA = 021030004, Account No. 68010727, 33 Liberty Street, New York, New York 10045. Field Tag 4200 of the FedWire message should read: (D 68010727 Environmental Protection Agency).

6. At the time of payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 09AQ, DOJ case number 90-11-3-1692/1, and the civil action number.

7. The total amount to be paid pursuant to Paragraph 4, $600,000 from Settling Defendants and $121,000 collected by Settling Defendants from the Settling Third-Party Defendants plus interest, shall be deposited in the EPA

- 8 -

Hazardous Substance Superfund.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

8.     Interest on Late Payments.  If Settling Defendants fail to make the settlement payment under Paragraph 4 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment

9.     Stipulated Penalty.

a.     If the settlement payment of $600,000 due from Settling Defendants and the $121,000 from the Settling Third-Party Defendants, held in trust by the Settling Defendants, is not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and Settling Defendants shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $500 per violation per Day that such payment is late.

b.     Stipulated penalties are due and payable within thirty (30) Days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, the EPA Region and Site Spill ID Number 09AQ, DOJ Case Number 90-11-3-1692/1, and the civil action number.  Settling Defendants shall send the check (and any

accompanying letter) by United States mail to:

> U.S. Environmental Protection Agency
> Region 9 Superfund Receivable
> P.O. Box 371099M
> Pittsburgh, Pennsylvania 15251

c.      At the time of each payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 09AQ, DOJ Case Number 90-11-3-1692/1, and the civil action number.

d.      Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

10.     If the United States brings an action to enforce this Consent Decree, and is successful in such action, the party or parties against whom enforcement is sought, shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' and/or Settling Third-Party Defendants', as the case may be, failure to comply

with the requirements of this Consent Decree.

12.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants or Settling Third-Party Defendants from payment as required by Section V (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

13.     Covenant Not to Sue by United States. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants or the Settling Third-Party Defendants listed on Attachment "A" pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants and Settling Third-Party Defendants of their respective obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and Settling Third-Party Defendants and does

not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

14.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants and Settling Third-Party Defendants with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants and Settling Third-Party Defendants with respect to:

a.     liability for failure of Settling Defendants or Settling Third-Party Defendants to meet a requirement of this Consent Decree;

b.     liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.     liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.     criminal liability; and

e.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANTS AND SETTLING THIRD-PARTY DEFENDANTS

15.     Settling Defendants and Settling Third-Party Defendants covenant not

to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a.     any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.     any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.     any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

16.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

17.     Settling Defendants and Settling Third-Party Defendants respectively agree not to assert any claims and to waive all claims or causes of action that Settling Defendants or Settling Third-Party Defendants may have for all matters

- 13 -

relating to the Site, including for contribution, against any person that has entered
into a final de minimis settlement under Section 122(g) of CERCLA,
42 U.S.C. § 9622(g), with EPA with respect to the Site as of the date of entry of
the Consent Decree. This waiver shall not apply with respect to any defense,
claim, or cause of action that Settling Defendants or Settling Third-Party
Defendants may have against any person if such person asserts a claim or cause of
action relating to the Site against Settling Defendants or Settling Third-Party
Defendants.

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18.     Except as provided in Paragraph 17 (De Minimis Waiver), nothing in
this Consent Decree shall be construed to create any rights in, or grant any cause
of action to, any person not a Party to this Consent Decree. Except as provided in
Paragraph 17 (De Minimis Waiver), the Parties expressly reserve any and all rights
(including, but not limited to, any right to contribution), defenses, claims,
demands, and causes of action that they may have with respect to any matter,
transaction, or occurrence relating in any way to the Site against any person not a
party hereto. Without limiting the generality of the immediately-above statement,
the waiver by Settling Defendants in Paragraph 17 does not extend to claims or
causes of action that Kaplan/Nehemiah as Third-Party Plaintiffs may have against
other Third-Party Defendants who have not settled the claims brought against

- 14 -

them in the Third-Party Complaint or in the First Amended Third-Party Complaint.

19.  The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants and Settling Third-Party Defendants shall not be liable for claims for contribution regarding matters addressed in this Consent Decree or for matters addressed in any other Consent Decree filed in this action as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. Section 9613(f)92). For purposes of this Consent Decree or any other Consent Decree filed in this action, "matters addressed" are Past Response Costs.

20.  Settling Defendants and Settling Third-Party Defendants agree that, with respect to any suit or claim for contribution brought by it for matters addressed by this Consent Decree, Settling Defendants or Settling Third-Party Defendants will notify EPA and DOJ in writing of the claim no later than sixty (60) Days prior to the initiation of such suit or claim. Settling Defendants and Settling Third-Party Defendants also agree that, with respect to any suit or claim for contribution brought against it for matters addressed by this Consent Decree, it will notify EPA and DOJ in writing within twenty (20) Days of service of the complaint or claim upon it. In addition, Settling Defendants and Settling Third-Party Defendants shall notify EPA and DOJ within fifteen (15) Days of service or receipt of any Motion for Summary Judgment, and within twenty (20) Days of

receipt of any order from a court setting a case for trial, for matters addressed by this Consent Decree.

21. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants and Settling Third-Party Defendants shall not assert and may not maintain any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects or limits the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII or the ability of Settling Defendants and/or the Settling Third-Party Defendants to raise defenses based on any applicable statutes of limitation.

## XI. RETENTION OF RECORDS

22. Until ten (10) years after the entry of this Consent Decree, Settling Defendants and Settling Third-Party Defendants shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention

- 16 -

1  policy to the contrary.

2
3      23.     After the conclusion of the 10-year document retention period in the
4  preceding paragraph, Settling Defendants and Settling Third-Party Defendants
5  shall notify EPA and DOJ at least ninety (90) days prior to the destruction of any
6
7  such records, and, upon request by EPA or DOJ, Settling Defendants or Settling
8  Third-Party Defendants, as the case may be, shall deliver any such records to EPA.
9
10  Settling Defendants and Settling Third-Party Defendants may assert that certain
11  records are privileged under the attorney-client privilege or any other privilege
12  recognized by federal law. If Settling Defendants asserts such a privilege, Settling
13
14  Defendants shall provide Plaintiff with the following: 1) the title of the record; 2)
15  the date of the record; 3) the name, title, affiliation (e.g., company or firm), and
16  address of the author of the record; 4) the name and title of each addressee and
17
18  recipient; 5) a description of the subject of the record; and 6) the privilege
19  asserted. If a claim of privilege applies only to a portion of a record, the record
20  shall be provided to Plaintiff in redacted form to mask the privileged information
21
22  only. Settling Defendants and Settling Third-Party Defendants shall retain all
23  records that they claim to be privileged until the United States has had a
24
25  reasonable opportunity to dispute the privilege claim and any such dispute has
26  been resolved in the Settling Defendants' favor or the Settling Third-Party
27  Defendants' favor, as the case may be. However, no records created or generated
28

- 17 -

1  pursuant to the requirements of this or any other settlement with EPA pertaining to
2
3  the Site shall be withheld on the grounds that they are privileged.

4      24.   Settling Defendants and Settling Third-Party Defendants hereby
5  certify that, to the best of their knowledge and belief, after reasonable inquiry, they
6
7  have not altered, mutilated, discarded, destroyed or otherwise disposed of any
8  records, reports, or information relating to their respective potential liability
9
10 regarding the Site since notification of potential liability by the United States or
11 the State or the filing of suit against it regarding the Site and that it has fully
12 complied with any and all EPA requests for information pursuant to Sections
13
14 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section
15 3007 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972.

16              **XII. NOTICES AND SUBMISSIONS**
17
18     25.   Whenever, under the terms of this Consent Decree, notice is required
19 to be given or a document is required to be sent by one party to another, it shall be
20 directed to the individuals at the addresses specified below, unless those
21
22 individuals or their successors give notice of a change to the other Party in
23 writing.  Written notice as specified herein shall constitute complete satisfaction of
24
25 any written notice requirement of the Consent Decree with respect to the United
26 States, EPA, DOJ, and Settling Defendants, and Settling Third-Party Defendants
27 respectively.
28

As to the United States:

As to DOJ:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-07733)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:
Chris Reiner
Civil Investigator
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, California 94105

Larry Bradfish
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, California 94105

As to Settling Defendants:
Al Kaplan
532 San Ramon Valley Road
Danville, California 94526-4012

With a copy to:
Daniel F. Reidy, Esq.
LAW OFFICES OF DANIEL F. REIDY
3701 Sacramento Street, # 386
San Francisco, California 94118

As to Settling Third-Party Defendants:
Robert E. Miller and Meredith Miller
65 Hygrade Road
Sutter Creek, California 95685

- 19 -

With a copy to:
Kenneth M. Byrum, Esq.
5500 Ming Avenue, Suite 140
Bakersfield, California 93309

Jack Brusatori, Sr.
P. O. Box 234
Sutter Creek, California 95685

With a copy to:
Robert P. Soran, Esq.
DOWNEY BRAND LLP
555 Capitol Mall 10th Floor
Sacramento, California 95814

Robert Bugni & Margot Bugni
Leo Monson and Maurine Monson
c/o Leo Monson
220 Judy Drive
Sutter Creek, California 95685

With a copy to:
Brian R. Chavez-Ochoa, Esq.
Eric L. Gutierrez, Esq.
CHAVEZ-OCHOA LAW OFFICES, INC.
4 Jean Street, #4
Valley Springs, California 95252

Jean Hamilton and the Summit Apartments Partnership
14019 N. Cameo Dr. #1
Fountain Hills, Arizona 85268

With a copy to:
Steven C. Smith, Esq.
Douglas Campbell, Esq.
SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, California 92706

1  Robert Earl Olson and Martha Wadell Olson
2  c/o Robert Earl Olson
   P.O. Box 1600
3  Sutter Creek, California 95685
4
5  With a copy to:
   John B. Allen, Jr., Esq.
6  LAW OFFICE OF JOHN B. ALLEN, JR.
   P.O. Box 232
7  Sutter Creek, California 95685
8
9  Warren Noteware
   1615 Sheridan Way
10 Stockton, California 95207
11
   With a copy to:
12 Paul Balestracci, Esq.
13 NEWMILLER & BEARDSLEE
   P.O. Box 20
14 Stockton, California 95201
15
16              **XIII. RETENTION OF JURISDICTION**

17      26.     This Court shall retain jurisdiction over this matter for the purpose of
18
19 interpreting and enforcing the terms of this Consent Decree.

20             **XIV. INTEGRATION/APPENDIX**

21      27.     This Consent Decree constitutes the final, complete and exclusive
22 agreement and understanding between the Parties with respect to the settlement
23 embodied in this Consent Decree. The Parties acknowledge that there are no
24
25 representations, agreements or understandings relating to the settlement other than
26 those expressly contained in this Consent Decree.
27
28
                            - 21 -

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants and Settling Third-Party Defendants consent to the entry of this Consent Decree without further notice.

29.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

30.    The undersigned representative of Settling Defendants to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.  The persons signing on behalf of Settling Third-Party Defendants certify that they are authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

31.    Settling Defendants and Settling Third-Party Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any

provision of this Consent Decree, unless the United States has notified Settling Defendants and Settling Third-Party Defendants in writing that it no longer supports entry of the Consent Decree.

32.    Settling Defendants and Settling Third-Party Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.

## XVII.  FINAL JUDGMENT

33.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and Settling Defendants and Settling Third-Party Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

SO ORDERED THIS 22nd DAY OF February, 2008.

_____
United States District Judge

- 23 -

1  United States of America v Honeywell International, Inc., et al. - Consent Decree (Kaplan)

2

3  FOR THE UNITED STATES OF AMERICA:

4

5     22 October 2007

6  DATE                          RONALD J. TENPAS

7                                Acting Assistant Attorney General
                                 Environment & Natural Resources Division
8                                United States Department of Justice

9

10

11

12                               ANGELA O'CONNELL
                                 Senior Litigation Counsel
13                               Environmental Enforcement Section
14                               U.S. Department of Justice
                                 301 Howard St., Suite 1050
15                               San Francisco, California  94107
16                               Telephone:  (415) 744-6485
                                 Fax:  (415) 744-6476
17                               angela.oconnell@usdoj.gov

18

19

20

21

22

23

24

25

26

27

28

-24-

1    United States of America v. Honeywell International, Inc. et al. - Consent Decree (Kaplan)

2

3

4

5

6                                   *Keith Taka*
                                    KEITH TAKATA
7                                   Superfund Division Director
                                    U.S. Environmental Protection
8                                   Agency, Region IX
                                    75 Hawthorne Street
9                                   San Francisco, CA 94105

10

11                                  LARRY BRADFISH
12                                  Assistant Regional Counsel
                                    Office of Regional Counsel
13                                  U.S. Environmental Protection
                                    Agency, Region IX
14                                  75 Hawthorne Street
                                    San Francisco, CA 94105

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  24a

1 |

2

3 FOR SETTLING DEFENDANTS AND THIRD-PARTY PLAINTIFFS ALPHEUS
  KAPLAN AND NEHEMIAH DEVELOPMENT COMPANY:

4

5

6 JUN 1 5 2007

7 DATE                           ALPHEUS KAPLAN,
                                 an Individual
8

9

10                              NEHEMIAH DEVELOPMENT COMPANY,
                               a California limited partnership
11
      JUN 1 5 2007
12
                               By: Alpheus Kaplan
13 DATE                           ALPHEUS KAPLAN,
14                               Its General Partner

15

16 Approved as to form:

17

18 6/14/07

19 DATE                          DANIEL F. REIDY, ESQ.
20                               Law Offices of Daniel F. Reidy
                                 3701 Sacramento Street, # 386
21                               San Francisco, CA 94118
22                               Telephone: (415) 750-4210
                                 Fax: (415) 750-4214
23                               dfreidy@pacbell.net

24

25

26

27

28                                     - 25 -

1  United States of America v Honeywell International, Inc., et al. - Consent Decree (Kaplan)

2

3  FOR SETTLING THIRD-PARTY DEFENDANTS ROBERT E. MILLER AND
   MEREDITH MILLER:

4

5

6  _June 18, 2007_

7  DATE                          ROBERT E. MILLER,

8                                an Individual

9

10  _June 18/2007_

11  DATE                         MEREDITH MILLER,

12                               an Individual

13

14  Approved as to form:

15

16

17  _JUNE 18, 2007_

18  DATE                         KENNETH M. BYRUM, ESQ.
                                 5500 Ming Avenue, Suite 140
19                               Bakersfield, CA 93309
                                 Telephone: (661) 861-6191
20                               Fax: (661) 861-6190
                                 ken@kmbmediation.com
21

22

23

24

25

26

27

28

- 26 -

1 | United States of America v Honeywell International, Inc., et al. - Consent Decree (Kaplan)

2

3 | FOR SETTLING THIRD-PARTY DEFENDANT JACK BRUSATORI, SR.:

4

5

6 | 7-2-07
   DATE

   *Jack Brusatori*
   JACK BRUSATORI, SR.,
7 | as Individual and as Trustee

8

9

10 | Approved as to form:

11

12 | 7/9/07
   DATE
13

   ROBERT P. SORAN, ESQ.
14 | DOWNEY BRAND LLP
   555 Capitol Mall 10th Floor
15 | Sacramento, CA 95814
   Telephone: (916) 444-1000
16 | Fax: (916) 444-2100
   rsoran@downeybrand.com
17

18

19

20

21

22

23

24

25

26

27

28

- 27 -

FOR SETTLING THIRD-PARTY DEFENDANTS ROBERT BUGNI, MARGOT
BUGNI, LEO MONSON, AND MAURINE MONSON, DBA M & B
ENTERPRISES:

ROBERT BUGNI,                           MARGOT BUGNI,
   an Individual                           an Individual


ROBERT BUGNI,                           MARGOT BUGNI

Date: 7/20/07                           Date: 7-27-07


LEO MONSON,                             MAURINE MONSON,
   an Individual                           an Individual


LEO MONSON                              MAURINE MONSON

Date: 9-27-2007                         Date: 7/27/07


Approved as to form:


9/5/07

DATE                                    BRIAN R. CHAVEZ-OCHOA, ESQ.
                                        CHAVEZ-OCHOA LAW OFFICES, INC.
                                        4 Jean Street, Suite # 4
                                        Valley Springs, CA 95252
                                        Telephone: (209) 772-3013
                                        Fax: (209) 772-3090
                                        chavezochoa@sbcglobal.net

- 28 -

FOR SETTLING THIRD-PARTY DEFENDANTS JEAN HAMILTON INDIVIDUALLY AND THE SUMMIT APARTMENTS PARTNERSHIP ON BEHALF OF ITS GENERAL PARTNERS (WALTER E. HAMILTON AND JEAN HAMILTON, CHARLES O. ALLEN AND BARBARA ALLEN, FRANK HARDY, CHRISTINA SUNG, THOMAS P. JONES AND JACQUELINE L. JONES):

June 21, 2007
DATE

JEAN HAMILTON,
    an Individual

SUMMIT APARTMENTS,
    a California general partnership

June 21, 2007
DATE

By: JEAN HAMILTON,
    Its General Partner

Approved as to form:

June 28, 2007
DATE

DOUGLAS CAMPBELL, ESQ.
SMITH CHAPMAN & CAMPBELL
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Telephone: (714) 550-7720
Fax: (714) 550-1251
dcampbell@smithchapman.com

- 29 -

ALPHEUS KAPLAN,
an individual

NEHEMIAH DEVELOPMENT COMPANY,
a California limited partnership

_____
Alpheus Kaplan

By: _____
Alpheus Kaplan
Its General Partner

Date: _____

Date: _____

Approved as to form:

_____
Daniel F. Reidy, Esq.        Date
Law Offices of Daniel F. Reidy
3701 Sacramento Street, # 386
San Francisco, CA 94118
Attorney for Alpheus Kaplan and Nehemiah Development Company

ROBERT EARL OLSON
an individual

MARTHA WADELL OLSON
an individual

Robert Earl Olson
_____
Robert Earl Olson

Martha Wadell Olson
_____
Martha Wadell Olson

Date: 6-25-2007

Date: 6/25/07

Approved as to form:

_____
John B. Allen, Jr., Esq.        Date
Law Offices of John B. Allen, Jr.
P.O. Box 232, Sutter Creek, CA 95685
Attorney for Robert Earl Olson and Martha Wadell Olson

Mutual Settlement and Release Agreement Between Alpheus Kaplan & Nehemiah Development Company
and Robert Earl Olson & Martha Wadell Olson

1

2

3    FOR SETTLING THIRD-PARTY DEFENDANT WARREN NOTEWARE:

4

5    _____

6    <u>July 2, 2007</u>          _____
     DATE                     WARREN NOTEWARE,

7                             an Individual

8

9

10   Approved as to form:

11

12   <u>7/2/07</u>            _____

13   DATE                     PAUL BALESTRACCI, ESQ.
                     NEUMILLER  NEWMILLER & BEARDSLEE
14                      PB        P.O. Box 20
                      7-2-07
15                             Stockton, CA 95201

16                             Telephone: (209) 948-8200
                             Fax: (209) 948-4910
17                             pbalestracci@newmiller.com
                                      neumiller.com
18
                                             DNB
19                                           7-2-07

20

21

22

23

24

25

26

27

28

                             - 31 -

**ATTACHMENT A**

| **SETTLING THIRD-PARTY DEFENDANTS** | **SETTLEMENT AMOUNTS** |
|---|---|
| (1) Robert E. Miller and Meredith Miller: | $10,000. |
| (2) Jack Brusatori, Sr.: | $25,000. |
| (3) Robert and Margot Bugni and Leo and Maurine Monson: | $30,000. |
| (4) Jean Hamilton individually and the Summit Apartments Partnership on behalf of its general partners (Walter E. Hamilton, Jean Hamilton, Charles O. Allen and Barbara E. Allen, Frank Hardy, Christina Sung, Thomas P. Jones, and Jacqueline L. Jones): | $25,000. |
| (5) Robert Earl Olson and Martha Wadell Olson: | $1,000. |
| (6) Warren Noteware: | $30,000. |
| | Total $121,000. |

-32-